*E-Filed 11/12/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAMON D. WILLIAMS, | No. C 14-2246 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JOE LIZZARAGA, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2011, an Alameda County Superior Court jury convicted petitioner of committing sex crimes against four adult females, Shannon Doe, Barbara Doe, Cecilia Doe, and Nydia Doe. He was found guilty of forcible penetration by a foreign object, forcible rape, and forcible oral copulation against Shannon. Against Barbara, he was found guilty of forcible rape and forcible sodomy. He was found guilty of forcible rape against Cecilia, and assault with intent to commit a sex crime against Nydia. He was sentenced to a total term of 109

years to life in state prison. He sought, but was denied, relief in the state courts. This federal habeas petition followed.

Only the facts relating to Shannon Doe need be related here. In February 2008, petitioner grabbed Shannon from behind during her late-night walk. As she struggled against him, he choked her, threatened to stab her, and tried to remove her clothing. She stopped struggling when she started fearing for her life. Petitioner then sexually assaulted her. At trial, Shannon "testified to three consecutive vaginal penetrations, followed by two forcible oral copulations." After the assaults, he allowed her to leave.

Shannon was examined at a hospital emergency room by Josh Luftig, a member of the hospital's Sexual Assault Response Team (SART). At trial, he testified that she "sustained bruising and trauma to her knees, elbows, head, and neck" and "vaginal trauma and bruising, both of which were evidence of sexual assault" and rectal abrasions. He also testified that she said her assailant twice digitally penetrated her anus and that he "used fingers before each penile insertion." (Ans., Ex. F at 2–3.)

As grounds for federal habeas relief, petitioner alleges that the (1) jury's verdict was not unanimous; (2) jury was not instructed on "consent"; (3) jury was not instructed on lesser included offenses; and (4) hearsay testimony was impermissibly admitted.

**STANDARD OF REVIEW**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." *Id*. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

# DISCUSSION

## I. Unanimity Jury Instruction

Petitioner claims that the trial court should have instructed the jury that it had to be unanimous as to which act constituted the digital penetration of Shannon Doe. Shannon's sexual assault report indicated that there was both anal and vaginal penetration. Petitioner contends that this was evidence of separate acts, either (or both) of which the jury could have relied on to support its verdict. The lack of an instruction, according to petitioner, violated his Sixth and Fourteenth Amendment rights to a unanimity instruction. (Pet. at 13.)

The state appellate court concluded that a unanimity instruction was not required because the sexual assault was part of a continuous course of conduct, and rejected petitioner's claim:

> The assaultive acts occurred one after the other, with no breaks in between. Therefore, despite the physical distinction between the anal and vaginal digital penetrations, it is highly unlikely that the jury would have found that only one type or instance of these assaultive acts occurred without also concluding that

the others also took place.

(Ans., Ex. F at 7.)  The state appellate court also found that the two instances of digital penetrations were substantially similar:  "Thus, it is inconceivable that the jury would have found that one type or instance of digital penetration occurred but not the others.  Therefore, a unanimity instruction was not necessary."  (*Id.* at 8.)  Also, the court concluded any error was harmless.  (*Id.* at 9.)

Habeas relief is not warranted here.  Due process does not require that the jury agree as to the specific acts that constituted commission of the crimes charged.  The Supreme Court has held that "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line.  Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict."  *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackman, J, concurring); *see also Schad v. Arizona*, 501 U.S. 624, 631–32 (1991) (rule that jurors not required to agree upon single means of commission of crime, citing *McKoy*, applies equally to contention they must agree on one of the alternative means of satisfying mental state element of crime).

Because there is no requirement that the jury receive a unanimity jury instruction, the state court's rejection of petitioner's claim was reasonable and is entitled to AEDPA deference.  For this same reason, the state appellate court's harmless error determination was also reasonable and is itself entitled to AEDPA deference.  *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (habeas relief not available unless the state court's harmlessness determination was itself unreasonable).  This claim is DENIED.

**II.   Jury Instructions on Consent**

Lack of consent was an element of nine of the ten crimes of which petitioner was convicted.  "Consent" was not defined for the jury.  Neither party asked for an instruction, nor did the trial court offer one sua sponte.  Petitioner claims that this failure to define this element of the offenses violated his Fifth, Sixth, and Fourteenth Amendment rights.  (Pet. at 18–19.)

The state appellate court rejected this claim. Specifically, the court concluded that the trial court provided correct instructions on the general principles of the relevant law, including the requirement that the victim did not consent to these crimes. Cecilia's testimony met the elements of the offenses, including that of lack of consent. She testified that she did not want to have sex with petitioner, had sex with him because he threatened to kill her, and told him to stop, but he did not. Her testimony was corroborated by expert medical testimony. The appellate court also rejected defense counsel's speculation that Cecilia's prior behavior (that she had a prior relationship with petitioner, previously had traded sex with other men in exchange for drugs, and that she told petitioner to stop twenty minutes after the assault began) amounted to substantial evidence of a lack of consent. It also concluded that any error was harmless. (Ans., Ex. F at 10–12.)

No prejudice results from a district court's failure to define a concept "within the comprehension of the average juror." *United States v. Dixon*, 201 F.3d 1223, 1231 (9th Cir. 2000) (holding that the district court did not err in failing to define "commercial advantage" and "private financial gain" because they are terms within the comprehension of the average juror); *United States v. Tirouda*, 394 F.3d 683, 689 (9th Cir. 2005) (no error resulting from failure to define "accomplice" in an accomplice instruction). Relief can be granted only if the failure to give an instruction had a substantial and injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Habeas relief is not warranted here. The state court reasonably determined that there was no need for the trial court sua sponte to define consent. Its meaning is within the comprehension of the average juror, just as "accomplice," "commercial advantage" and "private financial gain" were found comprehensible in the case law cited above. Consent is not a complex or obscure word, nor a term of art specific to the legal profession. Rather, it is an everyday term, whose meaning the average juror would easily know and understand. It was reasonable, therefore, for the state court to determine both that the trial court had no duty to define consent sua sponte, and that any error was harmless, *Ayala*, 135 S. Ct. at 2199.

1 Both determinations are entitled to AEDPA deference.  This claim is DENIED.

### III.    Instruction on Lesser Included Offenses

Petitioner claims that the trial court violated his jury trial and due process rights by not instructing the jury on lesser included offenses. (Pet. at 20–21.)  The state appellate court rejected this claim because the evidence did not call for it:  "[A] lesser included instruction need not be given when there is no evidence that the offense is less than that charged." (Ans., Ex. F at 12–13.)

Habeas relief is not warranted here.  The failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional claim. *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000).  Though circuit law states that "the defendant's right to adequate jury instructions on his or her theory of the case might, in some cases, constitute an exception to the general rule," *id.* at 929, circuit precedent does not constitute clearly established federal law under AEDPA, *Renico v. Lett*, 130 S. Ct. 1855, 1865–66 (2010).  Furthermore, even if *Solis*'s exception were clearly established law, petitioner has not shown that there was substantial evidence to warrant instructing the jury according to his desired instructions.  The state court's rejection of this claim was reasonable and is entitled to AEDPA deference.  This claim is DENIED.

### IV.    Witness Statement

Petitioner claims that a witness made a statement disallowed by the hearsay rule.  The underlying facts are as follows.  Victim Cecilia Doe was examined by a nurse practitioner, Patricia Meyer, who completed a mandatory state form (OCJP 932) to memorialize her examination.  At trial, Meyer testified about the form:

> [Prosecutor]: And then one last question on Section F, and I'm not asking for what the words were, do you document whether or not there was a threat made?
>
> [Defense Counsel]: Objection.  This is hearsay.  Calls for hearsay.
>
> [Prosecutor]: Not asking for what the threat was.
>
> [Court]: Overruled.

> [Meyer]:  So there was a verbal threat made to her.
>
> [Prosecutor]:  That's all.  That's all I have your Honor.

(Ans., Ex. B, Vol. 2 at 322.)  Cecilia was questioned at trial about the threat statement memorialized in the report.  When asked by the prosecutor what the threat was, she stated, "I'll kill you.  But —."  At that point, the trial court stopped her testimony, and then struck her statement.  (*Id.* at 532–33.)

On appeal, petitioner contended that "there was a verbal threat made to her" was impermissible hearsay and its admission violated his Confrontation Clause rights.  The state appellate court rejected both claims, and determined that if error occurred, it was harmless.  It declared that Meyer's testimony about the SART examination was admissible under the hearsay exception for spontaneous utterances and that petitioner had waived his Confrontation Clause objection by failing to object at trial.  Any error was harmless in the face of Cecilia's and Meyer's testimony.  (*Id.*, Ex. F at 14–15.)  Here on federal habeas review, petitioner claims only that Meyer's statement was unreliable hearsay.  (Pet. at 22–23.)

The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process.  *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999); *Colley v. Sumner*, 784 F.2d 984, 990 (9th Cir. 1986).  Habeas relief is not warranted on this claim.  First, any claim that the state court erred in admitting the evidence under state law is not remediable on federal habeas review.  The state court's ruling that the evidence was properly admitted under state law binds this federal habeas court.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Second, even if one assumes that Meyer's statement was impermissible hearsay, petitioner has not shown that its admission, even if it violated his Confrontation Clause rights, resulted in prejudice.  Confrontation Clause violations are subject to harmless error analysis.  *United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir. 2004).  The evidence of

petitioner's guilt was strong. In addition to Cecilia's testimony that the sex was not consensual (Ans., Ex. B, Vol. 2 at 528–30), Meyer's testimony regarding Cecilia's injuries (bruising and tears around her genitalia,) matched her account of nonconsensual sex (*id.* at 303–11). Third, even if the statement was prejudicial, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009).

It was reasonable, therefore, for the state court to determine both that no constitutional error occurred, and that if there were any error, it was harmless, *Ayala*, 135 S. Ct. at 2199. Both determinations are entitled to AEDPA deference. This claim is DENIED.

## CONCLUSION

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED. The Clerk shall enter judgment in favor of respondent, and close the file.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

DATED: November 10, 2015

RICHARD SEEBORG
United States District Judge